## Shafer's Estate

*Eilenberger & Huffman*, for accountants.

*C. R. Bensinger*, for exceptant.

SHULL, P. J., April 27, 1937.—Myrtle S. Shafer and Jacob K. Shafer, executors of this estate, filed their first and final account on December 12, 1936, which was duly signed and sworn to by both executors. This account was approved nisi by the court on December 14, 1936. On January 12, 1937, the said Jacob K. Shafer, in his capacity as an individual, filed exceptions to the account, thus raising the novel question whether or not an executor who has duly sworn to and filed an account of his administration of the estate of which he is one of the executors may be heard in his capacity as an individual to impugn the account which he in his fiduciary capacity filed.

Neither counsel for the estate nor counsel for Jacob K. Shafer submit any authority pro or con the right to file the exceptions. A diligent search on our part has failed to disclose any law or precedent pro or con. As we view this situation, it would be against public policy to permit one who as an executor of an estate files an account in his fiduciary capacity, which he necessarily holds forth to the court to be a true and correct account of his stewardship, within 30 days thereafter to file in his capacity as an individual and legatee under the will exceptions attacking the correctness of his own account. Exceptions are permitted under the law so that those who believe themselves aggrieved by the acts of another, or by decrees or rulings of the court, may have such acts, decrees or rulings reviewed by a proper tribunal, that they may have their day in court and a judicial decree upon the question involved.

In this case, this exceptant is not aggrieved by the act of another, but, if aggrieved at all, it is by his own course of conduct. The act is his act, for it is an account filed by coexecutors, duly verified by both and in the name of both filed in this court. Under the law, where one or more persons may be executors of a will, they are, in the eyes of the law, regarded as a single fiduciary. The act of one is generally considered the act of all: Wilson's Appeal, 115

Pa. 95. We cannot see on what theory these exceptions could be permitted to stand.

And now, April 27, 1937, the rule to show cause why the exceptions filed to this account should not be stricken off is made absolute, the exceptions are stricken off, and the account confirmed.

From C. C. Shull, Stroudsburg.